SOCIETE FABRIQUES DE PRODUITS CHIMIQUES DE THANN ET DE MULHOUSE v. GEORGE LUEDERS & CO.

(Circuit Court, S. D. New York. December 22, 1904.)

1. PATENTS—VALIDITY—PRODUCT OF PREVIOUSLY PATENTED PROCESS.
    A patent for the product of a process is void where the same product had previously been produced by other processes.
    [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 7.]

2. SAME—ARTIFICIAL MUSK.
    The Baur patent, No. 451,847, for artificial musk, is void in view of a disclaimer limiting it to the product of the process of patent No. 416,710 to the same patentee.

In Equity. Suit for infringement of letters patent No. 451,847, for artificial musk, granted May 5, 1891, to Albert Baur. On final hearing.

C. A. L. Massie and Philip Mauro, for plaintiff.
Arthur v. Briesen, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 451,847, dated May 5, 1891, granted to Albert Baur, and owned by the plaintiff, for artificial musk. The specification sets forth that:

"The present invention relates to a new product or compound termed 'artificial musk,' which is characterized by the same fine and penetrating odor as natural musk, and is adapted to be substituted therefor. In letters patent No. 416,710, granted to me December 10, 1889, I have described and claimed a certain process of making artificial musk, by mixing toluene with a halogen compound of butyl, such as butyl-chloride, butyl-iodine, or butyl-bromide, and with aluminium bromide or chloride, distilling the compound, treating the vapors with fuming nitric and sulphuric acid, dissolving in alcohol, and then crystallizing. The product thus obtained, whose properties and characteristics are hereinafter fully defined, is a solid crystalline body, and is chemical-

ly a trinitrated hydrocarbon. To produce the artificial musk which constitutes the present invention, it is not necessary to proceed in the manner above described. It may be made by various processes. For example, instead of taking as a base toluene, I employ xylene, or other similar substance, and mix first with a butyl halogen compound. The resulting compound, such as isobutyl-xylene, the formula of which is $C_{12}H_{18}$, when treated with fuming nitric and sulphuric acid under the conditions above stated, will yield a mixture of nitrated bodies, from which by a fresh nitration a trinitrated body can be separated. In producing the product claimed herein, whether toluene, xylene, or other substance be taken as the base, I may proceed by employing hydrocarbons of the propyl or amyl series. The present invention, being independent of any process of manufacture, may be obtained in other ways than those herein described; they being given merely as examples of mode of procedure by which the artificial musk may be made."

The claim is for:

"The artificial musk herein described, being a trinitrated hydrocarbon derived from toluene or its homologues, in solid crystalline form, characterized by the odor of natural musk, as set forth."

Since suit brought, the plaintiff, as assignee, has disclaimed the article patented when produced otherwise than by the process of the prior patent, leaving the claim to stand as for the distinctive product of that process. The disclaimer implies that there was such a product derived from other sources in existence prior to the patent. If that was so, this patent, which is distinctively for the substance, and not for the process, would be void. Cochrane v. Badische Anilin & Soda Fabrik, 111 U. S. 293, 4 Sup. Ct. 455, 28 L. Ed. 433. Besides this, if the patent can be held valid for the product of the precise process to which it is limited by the disclaimer, it would not be infringed but by a product so produced, and the defendants' article is not shown to have been so produced. Its ingredients only are shown, and they may have been brought together by some of the processes by which the articles disclaimed are produced, and not be the article of this patent. Id. It is difficult to distinguish this case from the one above cited, which was upon a chemical patent for a product of a process, as this is, and that was confined to that product.

Bill dismissed.